IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Solomon Matthew Madrid, | ) | No. CV 11-0144-PHX-FJM (ECV) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 filed by Petitioner Solomon Matthew Madrid. Doc. 6. Following a jury trial in 1994 in Maricopa County Superior Court, Petitioner was convicted of three counts of aggravated assault and one count of threatening and intimidating. Doc. 13, Exh. A at 1-2; Doc. 6 at 1-2. The jury found the offenses to be "dangerous" under Arizona law, and Petitioner committed the offenses while on probation for a prior felony conviction. Doc. 13, Exh. A at 4. On March 1, 1994, Petitioner was sentenced to four concurrent terms of life imprisonment without the possibility of parole for 25 years. Id.

Petitioner subsequently filed a direct appeal in the Arizona Court of Appeals. Doc. 6 at 2; Doc.13, Exh. A. In a Memorandum Decision filed on February 8, 1996, the Court of Appeals affirmed Petitioner's convictions and sentences. Doc. 13, Exh. A. Petitioner did not appeal to the Arizona Supreme Court. Doc. 6 at 3.

On November 13, 2001, Petitioner filed a *pro se* Notice of Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 13, Exh. B. On December 4, 2001, the trial court found the notice to be untimely and dismissed it. Doc. 13, Exh. C. There is nothing to indicate Petitioner sought review of the dismissal in a higher court.

On September 13, 2002, Petitioner filed a *pro se* Rule 32 Petition for Post-Conviction Relief. Doc. 13, Exh. D. He alleged that a significant change in the law excused his untimely petition. Id. He further alleged that he was entitled to relief under Apprendi v. New Jersey, 530 U.S. 466 (2000), because the trial court imposed a sentence beyond the statutory maximum based on a fact (his probation status) not found by the jury. Id. In a Minute Entry on October 8, 2002, the trial court dismissed the petition because the Arizona Court of Appeals had already declared that Apprendi did not apply retroactively to cases that had been finally adjudicated. Doc. 13, Exh. E. Petitioner did not seek review in the Arizona Court of Appeals or the Arizona Supreme Court. Doc. 6 at 5.

Petitioner filed another *pro se* Petition for Post-Conviction Relief on June 1, 2005. Doc. 13, Exh. F. He alleged a significant change in the law based on the Supreme Court decision in Blakely v. Washington, 542 U.S. 296 (2004), and again argued his sentence was unlawfully enhanced based on a factor determined by the judge and not the jury. Id. On October 5, 2005, the trial court again dismissed his petition after determining that Blakely did not apply to convictions that were already final, as Petitioner's was. Doc. 13, Exh. G. A subsequent petition for review was denied by the Arizona Court of Appeals on September 13, 2006. Doc. 13, Exh. I. Although Petitioner claims he sought further review in the Arizona Supreme Court, no evidence of that in the record has been shown.

Additionally, another Notice of Post-Conviction Relief was filed in the trial court on December 13, 2005, that contains the same claim raised in the prior petitions. Doc. 13, Exh.

1 H. The notice was signed by Petitioner three months earlier in September 2005. Id. It is not clear from the information provided if the notice was ever separately addressed by the trial court.

On April 14, 2009, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in the state court. Doc. 13, Exh. J. The trial court denied the petition on September 20, 2009, after determining that the petition raised the same arguments that were considered and rejected in previous Rule 32 petitions. Doc. 13, Exh. K. A notice of appeal of the trial court's order was subsequently denied as untimely by the Arizona Court of Appeals. Doc. 13, Exh. L, M.

On January 21, 2011, Petitioner filed his habeas petition in this court. Doc. 1. After the District Court Judge dismissed the petition with leave to amend, Petitioner filed his amended petition on February 24, 2011. Doc. 5, 6. Petitioner raises one ground for relief in the amended petition. He alleges that his rights under the Fifth, Sixth and Fourteenth Amendments were violated when his sentence was increased beyond the statutory maximum based on a factual determination by the trial judge rather than the jury. On May 10, 2011, Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus. Doc. 13. Petitioner then filed a Reply and a Declaration in Support on June 3, 2011. Doc. 14, 15. On August 19, 2011, Petitioner filed a Motion to Compel in which he seeks appointment of counsel and a conditional writ of habeas corpus to return to the state court. Doc. 17. No response to the motion to compel has been filed.

**DISCUSSION**

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. They further contend that the claim is procedurally defaulted and not cognizable on habeas review. Based on the discussion below, the court finds that the habeas petition is barred by the statute of limitations and recommends that it be denied on that basis.

**A.    Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d)(1).[1]  The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

State prisoners whose convictions became final before the AEDPA effective date of April 24, 1996, had a one-year grace period in which to file their petitions. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).  Thus, any such petitions had to be filed by April 24, 1997. Id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition."

---

[1] Because Petitioner's habeas petition was filed after the AEDPA effective date of April 24, 1996, the Act's provisions apply to this case. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

**B.    Application**

Here, the Arizona Court of Appeals issued its decision denying Petitioner's direct appeal on February 8, 1996. Petitioner then had 30 days to file a petition for review in the Arizona Supreme Court, which he did not do. See Ariz. R. Crim. P. 31.19(a). Thus, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final upon the expiration of the 30-day period for seeking review in the Arizona Supreme Court, which was March 10, 1996. See Hemmerle v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007) ("Hemmerle's direct appeal was final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court."). Because the judgment of conviction became final before the effective date of the AEDPA, Petitioner's federal habeas

1 petition was due on or before April 24, 1997, the end of the one-year grace period. Petitioner filed his federal habeas petition on January 21, 2011, more than 13 years after the deadline. Petitioner's first filing after the conclusion of direct review was the notice of post-conviction relief filed on November 13, 2001. Because the limitations period had already expired years before, however, the petition did not toll or otherwise have any impact on the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). His petition is therefore untimely..

Petitioner addresses the timeliness issue in his amended petition. Doc. 6 at 11. First, he claims that the statute of limitations in the AEDPA should not apply because he was sentenced before its effective date. As noted above, however, because his habeas petition was filed after the effective date, the AEDPA's provisions apply.

Additionally, he states that he raised this issue only after the United States Supreme Court ruled that sentencing factors that increase a sentence beyond the statutory maximum must be decided by a jury. Doc. 6 at 11. Thus, he appears to argue that the limitation began to run from a later date, the date on which the constitutional right asserted was first recognized by the Supreme Court. See 28 U.S.C. § 2241(d)(1)(C). Because the Apprendi line of cases has not been made retroactively applicable to cases on collateral review, however, such an argument is without merit. See id.

In his reply, Petitioner does not refute Respondents' statute of limitations defense, nor does he assert any basis to apply equitable tolling. Rather, he changes course and argues that he is entitled to relief under a state sentencing law, A.R.S. § 13-604.02, which was amended after his offenses occurred but before he was sentenced. Doc. 14. He claims that he was sentenced under the old law but should receive the benefit of the amended law. Because this argument has no bearing on the timeliness of his petition, it does not overcome the statute of limitations defense. Moreover, federal habeas corpus relief is not available for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Thus, even if the petition was timely, this court could not decide whether the state court properly applied a state sentencing statute.

## C. Motion to Compel

Finally, in his motion to compel, Petitioner argues that he should be able to go back to the state court and appeal the sentencing court's application of the old version of A.R.S. § 13-604.02. He asks the court to appoint counsel and grant a "conditional writ of habeas corpus directing" the state appellate court to hear his appeal. Because the court has found his federal habeas petition to be untimely, it will recommend that the motion to compel be denied as moot.

## D. Conclusion

The judgment of conviction in this case became final before the AEDPA was enacted, thus requiring Petitioner to file his federal habeas petition before the one-year grace period expired. Because Petitioner failed to do so, his petition is barred by the statute of limitations. As a result, the court will recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) be **DENIED** and **DISMISSED WITH PREJUDICE**; and

That the Motion to Compel (Doc. 17) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties shall have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by

the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 23rd day of September, 2011.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge