IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Solomon Matthew Madrid,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; Attorney General of the State of Arizona,<br><br>    Respondents. | CV 11-00144-PHX-FJM<br><br>**ORDER** |

The court has before it petitioner's amended petition for writ of habeas corpus (doc. 6), respondent's response (doc. 13), petitioner's reply (doc. 14), and petitioner's errata (doc. 16). We also have before us two motions to compel an order of judgment filed by petitioner (doc. 17, doc. 19). Finally, we have a report and recommendation of the United States Magistrate Judge (doc. 18), and petitioner's objections to the report and recommendation (doc. 20). Respondents did not reply to petitioner's objections.

**I**

Following a jury trial in 1994, petitioner was convicted in Arizona state court of three counts of aggravated assault and one count of threatening and intimidating. The jury found that these offenses were dangerous under Arizona law. Because petitioner was on probation for a prior felony conviction when he committed the new offenses, under A.R.S.§ 13-604.02 the trial court was required to impose a sentence of four concurrent terms of life imprisonment without the possibility of parole for twenty-five years. Petitioner directly appealed to the Arizona Court of Appeals, which affirmed his conviction and sentence on

February 8, 1996. Petitioner did not seek further review in the Arizona Supreme Court.

In the following years, petitioner filed several state petitions for post-conviction relief. His first petition, filed November 13, 2001, was dismissed as untimely. His September 13, 2002 petition, which challenged his sentence under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), was dismissed because the court held that Apprendi did not apply retroactively to his case. Petitioner's next petition was filed on June 1, 2005 and alleged that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004) entitled him to relief. This petition was dismissed, reasoning that Blakely did not apply to convictions that were already final. Petitioner filed another post-conviction relief petition on December 13, 2005, which contained the same claims raised in prior petitions.[1] Finally, petitioner filed a state petition for habeas corpus on April 14, 2009, which was denied on the basis that it raised the same arguments already considered and rejected in his post-conviction relief petitions. The appeal of this dismissal was denied by the Arizona Court of Appeals as untimely.

The instant petition for habeas corpus was filed on January 21, 2011 (doc. 1). We dismissed with leave to amend (doc. 5), and petitioner filed his amended petition on February 24, 2011 (doc. 6). The amended petition raises one ground for relief. Petitioner alleges that his rights under the Fifth, Sixth, and Fourteenth Amendments were violated when his sentence was increased beyond the statutory maximum based on a factual determination of his probation status that was made by the trial court rather than the jury. In petitioner's reply, he acknowledges that Apprendi and Blakely do not apply to his case. Apparently abandoning his original claim, petitioner presents a new claim of ineffective assistance of counsel in his reply and errata. According to petitioner, his appellate counsel's failure to challenge petitioner's sentencing as the result of a 1994 amendment to A.R.S. § 13-604.02 amounted to ineffective assistance. Petitioner argues in an errata filed with his reply that he is entitled to equitable tolling of the statute of limitations because he just learned of the facts

---

[1] It is unclear from the record whether this petition, which was signed by petitioner in September 2005, was ever addressed separately by the state trial court. Resolution of this point is not necessary to analyze the instant petition.

underlying his ineffective assistance claim. The magistrate judge found that petitioner's federal habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and recommends that the petition be denied. In addition, the magistrate judge recommends that the motion to compel (doc. 17) be denied as moot.[2]

**II**

Petitioner raises several objections to the report and recommendation. In essence, petitioner argues that the magistrate judge committed error by failing to recommend that we grant habeas relief based on petitioner's new ineffective assistance of counsel claim. Petitioner objects to the magistrate's conclusion that he did not rebut the statute of limitations argument raised by the respondents, pointing to the equitable tolling argument for his ineffective assistance of counsel claim made in his reply and errata. Petitioner contends that he adequately pled that procedural default does not preclude his ineffective assistance claim. He also argues that dismissal of his motion to compel as moot is incorrect. Finally, petitioner asserts that his ineffective assistance of counsel claim overcomes any statute of limitations bar under AEDPA via retroactive application of watershed federal law.

A reply "is not the proper pleading to raise additional grounds for relief" in a habeas proceeding. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). Petitioner's objections are grounded in his belief that his ineffective assistance of counsel claim is cognizable and equitably tolls AEDPA's statute of limitations. But because petitioner first asserted his ineffective assistance of counsel argument in his reply and his errata, we need not consider this claim. See id. However, even if we were to consider petitioner's new claim, petitioner's habeas petition remains time-barred by AEDPA's statute of limitations.

Under AEDPA, a state prisoner must file his federal habeas corpus petition within one year from the latest of

(A) the date on which the judgment became final by the conclusion of direct

---

[2] Petitioner's second motion to compel was filed by the clerk of court on September 26, 2011 (doc. 19). This motion was docketed three days after the magistrate judge's order and was not considered in the magistrate judge's report and recommendation.

- 3 -

  review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). State prisoners whose convictions were final prior to AEDPA's effective date of April 24, 1996 were given a one year grace period to file their petitions. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). This grace period expired April 24, 1997. Id. at 1246. In this case, a decision denying petitioner's direct appeal was issued by the Arizona Court of Appeals on February 8, 1996. Because petitioner did not seek further review of this decision in the Arizona Supreme Court, his judgment of conviction and sentence became final when his thirty-day period for seeking review expired. See Ariz. R. Crim. P. 31.19(a). As petitioner's judgment became final prior to AEDPA's effective date, petitioner's filing deadline for his federal habeas petition was April 24, 1997. His petition was not filed until January 21, 2011 - more than thirteen years after the deadline.

  Although the time during which a "properly filed" state post-conviction review application or habeas petition is pending is not counted towards the limitations period, 28 U.S.C. § 2244(d)(2), petitioner's first state post-conviction filing was not until November 13, 2001. Because his federal filing deadline had already expired in April 1997, however, petitioner's state post-conviction petitions and state habeas petition did not toll the federal statute of limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Similarly, to the extent that petitioner has argued that Apprendi and Blakely entitled him to a statute of limitations date that began to ran from the date "on which the constitutional right asserted was initially recognized by the Supreme Court" under 28 U.S.C. § 2241(d)(1)(C), this argument fails because neither Apprendi nor Blakely are

- 4 -

1    retroactively applicable on collateral review. United States v. Sanchez-Cervantes, 282 F.3d
2    664, 671 (9th Cir. 2002) ("Apprendi does not apply retroactively to cases on initial collateral
3    review."); Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005) (Blakely "does not apply
4    retroactively to a conviction that was final before that decision was announced"). Finally,
5    petitioner's ineffective assistance of counsel claim, if properly asserted, also would be time-
6    barred, because the "watershed case" cited by petitioner that he claims is retroactively
7    applicable on collateral review is Gideon v. Wainwright. Gideon was decided in 1963, more
8    than thirty years before petitioner's conviction. See Gideon, 372 U.S. 335, 83 S. Ct. 792
9    (1963).
10        Thus, petitioner's amended habeas petition is time-barred under AEDPA unless he can
11   show that equitable tolling should apply. To establish equitable tolling, a petitioner must
12   show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
13   circumstance stood in his way" to prevent him from filing a timely petition. Holland v.
14   Florida, __ U.S. __, 130 S. Ct. 2549, 2562 (2010) (internal quotation omitted). The
15   magistrate judge concluded that petitioner did not assert any basis to apply equitable tolling
16   to his Apprendi/Blakely claim. We agree, and petitioner acknowledges that his
17   Apprendi/Blakely claim "is not cognizable." Objection to Report & Recommendation at 5.
18        Nevertheless, petitioner argues that he established equitable tolling through his
19   discussion in his reply and errata. He contends that he recently learned that his appellate
20   counsel's failure to address the amendment of A.R.S. § 13-604.02 on direct appeal constituted
21   ineffective assistance. As we have already discussed, petitioner's assertion of a brand new
22   ineffective assistance claim in his reply was untimely. Even if we could consider this new
23   claim, however, petitioner has not established that extraordinary circumstances prevented
24   him from filing a timely petition. Both Gideon and Strickland v. Washington, 466 U.S. 668,
25   104 S. Ct. 2052 (1984), cases cited by petitioner as supporting his ineffective assistance
26   claim, were decided decades before his conviction. And as petitioner notes in his amended
27   habeas petition, his trial counsel argued during sentencing proceedings that A.R.S. § 13-
28   604.02 was unconstitutional. This would have placed petitioner on notice that appellate

counsel's failure to address the propriety of sentencing under A.R.S. § 13-604.02 could have been problematic. And to the extent that petitioner might be arguing that his alleged recent discovery of the factual predicate of his ineffective assistance claim tolls the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(1)(D), we conclude that argument is without merit for the reasons discussed above.

We agree with the magistrate judge's conclusion that the instant petition is time-barred under AEDPA. Because we hold that petitioner's habeas petition was untimely and equitable tolling does not apply, we do not reach petitioner's objections that the magistrate failed to consider petitioner's procedural default arguments on his ineffective assistance claim. Petitioner's motions to compel reiterate his arguments concerning ineffective assistance of counsel. For all of the reasons discussed above, we agree with the magistrate judge that these motions should be denied as moot.

### III

Accordingly, we accept the recommended disposition of the magistrate judge (doc. 18).

**IT IS ORDERED DENYING** the petition for a writ of habeas corpus (doc. 6).

**IT IS ORDERED DENYING** petitioner's motion to compel an order of judgment as moot (doc. 17).

**IT IS ORDERED DENYING** petitioner's motion to compel as moot (doc. 19).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed *in forma pauperis* on appeal because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 3rd day of November, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge